Smith, P. J.
The complaint alleged a breach by the defendant of his agreement, made about the 20th of November, 1882, whereby he sold to the plaintiff two car loads of potatoes of 500 bushels per car, at the price of fifty-four cents per bushel of sixty-two pounds, the same to be delivered to the plaintiff in cars at North Iowa or Iowa Center, within a reasonable time thereafter. At the trial the plaintiff put in evidence a writing signed by the defendant, of which the following is a copy: “November 20, 1882. M. D. Smith bought of James Halligan, Junior, two cars of potatoes, at 54 cents per 62 pounds, to be loaded on track at at North Iowa or Iowa Center; paid cash $20.’ (Signed.) “James Halligan, Jr.”
The defendant was permitted to testify against the objection and exception of the plaintiff, that in the conversation which preceded the signing of the writing, the plaintiff said that he would get the cars; also that no time was specified in the conversation when the potatoes were to be delivered. He also testified that he inquired several times of the station agents if plaintiff had cars there, and being told that he had not, he did not deliver the potatoes.
The trial judge set aside the verdict and granted the new trial at special term, on the ground that the admission of the testimony respecting the conversation was erroneous, and we think he was right in so doing.
The writing was more than a receipt acknowledging the payment of money; it was a receipt containing an agreement between the parties. By its terms the potatoes were to be loaded in cars on the track, and the obligation to load them necessarily rested upon the party signing the agreement. And as was said by the judge at special term, he not being able to perform his duty without the cars, it was his duty to furnish them, the agreement not specifying upon which of the parties the duty rested. And as no time was specified in the agreement within which the potatoes were to be delivered, the law implies that it was to be done in a reasonable time. The parol testimony in question tended to vary or contradict the written agreement in these particulars, and it was therefore improperly received.
*427 The authorities cited by the judge at special term, in our opinion, sustain these positions.
The order should be affirmed.
Haight and Bradley, JJ., concur.